SPECIALTY MINERALS, INC., Plaintiff,

v.

PLUESS–STAUFER AG, Pluess–Staufer Industries, Inc., and Omya, Inc., Defendants.

No. 98 Civ. 7775.

United States District Court, S.D. New York.

Feb. 17, 2004.

Anthony J. Costantini, Duane, Morris, L.L.P., New York City, J.D. Fleming, Jr., John David Hamann, John L. North, Leslie Katherine Slavich, Sutherland, Asbill & Brennan, LLP, Atlanta, GA, for Plaintiff.

David J. Eiseman, Golenbock, Eiseman, Assor, Bell & Peskoe, New York City, for Defendants.

### *DECISION AND ORDER*

MARRERO, District Judge.

### I. *BACKGROUND AND PRIOR PROCEEDINGS*

On January 6, 2004 Magistrate Judge Michael H. Dolinger, to whom this case was referred for supervision of pretrial proceedings, issued an order (the "Order") granting a motion by plaintiff Specialty Minerals, Inc. ("Specialty Minerals"). The Order seeks to compel testimony by Neal L. Rosenberg ("Rosenberg"), a non-party attorney, concerning communications Rosenberg had with a representative of defendant Pluess–Staufer AG ("Pluess–Staufer")[1] while performing le-

---

1. For the purposes of this ruling, the Court shall refer to defendants collectively as "Pluess–Stauf-er."

gal services for Pluess–Staufer relating to a patent application that is the subject of the underlying litigation. *See Specialty Minerals, Inc. v. Pluess–Staufer AG*, No. 98 Civ. 7775, 2004 WL 42280 (S.D.N.Y. Jan. 7, 2004). Pluess–Staufer asserts that the deposition testimony Specialty Minerals seeks from Rosenberg is subject to the attorney-client privilege. Specialty Minerals counters that the crime-fraud exception applies to overcome the invocation of attorney-client privilege in this case.

The relevant facts and prior proceedings are amply discussed in Magistrate Judge Dolinger's thorough decision. *See id.* at *1–*4. The Court, having reviewed the Magistrate Judge's ruling, Pluess–Staufer's objections [2] to the Order and Specialty Minerals's response to the objections [3], as well as the documents accompanying the parties' submissions regarding this matter, affirms the Order. The Court is not persuaded that Magistrate Judge Dolinger's ruling is clearly erroneous or contrary to law, and therefore accords it the substantial deference due to a magistrate judge's discovery orders. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990). Accordingly, the Court affirms the Order based substantially on the pertinent findings, reasoning and controlling authority upon which it is grounded.

▬ In granting Specialty Minerals' motion on the basis of the crime-fraud exception to the attorney-client privilege, Magistrate Judge Dolinger properly applied the "probable cause" standard. *See United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir.1997); *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1038 (2d Cir. 1984). That doctrine, as enunciated by the Second Circuit, requires a demonstration by the party invoking it sufficient to establish that "a prudent person have a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof." [4] *In re Grand Jury Subpoena*, 731 F.2d at 1039 (citation omitted); *see also Jacobs*, 117 F.3d at 87.

In concluding that Specialty Minerals had met its burden under the probable cause standard, Magistrate Judge Dolinger found sufficient evidence that Pluess–Staufer intended to commit fraud on the Patent and Trademark Office ("PTO") by not disclosing to the PTO, on two separate occasions, the same prior art (the " '997 Patent") known to Pluess–Staufer and its representatives. These omissions occurred at the time of Pluess–Staufer's application to the PTO for the patent that is the subject of this litigation (the " '365 Patent") and later in connection with Pluess–Staufer's subsequent application for PTO reexamination of the '365 Patent in order to strengthen the patent. *See Specialty Minerals*, 2004 WL 42280, at *9. In this regard, the Court finds persuasive, as did Magistrate Judge Dolinger, that both the prior art in question and the '365 Patent are attributable to the same inventor, who is or was affiliated with Pluess–Staufer, that the specifications of the two patents substantially overlap, that both patent applications were prepared for Pluess–Staufer by the same agent, and that with the filing of the reexamination application Pluess–Staufer's representative, one of the named inventors, signed a declaration attesting to full disclosure to the PTO of information " 'material to patentability'," including "information 'inconsistent with … an argument of patentability.' " *See id.*

**2.** *See* Defendants' Objections to Magistrate Judge's Order Compelling Testimony of Attorney Neal Rosenberg, dated January 6, 2004 ("Def. Objections").

**3.** *See* Plaintiff's Response to Defendants' Objections to Magistrate's Order Compelling Testimony of Attorney Rosenberg, dated February 2, 2004.

**4.** The Court notes that the Court of Appeals for the Federal Circuit considers certain discovery disputes involving the application of the crime-fraud exception to the attorney-client privilege to fall within the purview of Federal Circuit law. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803–804 (Fed.Cir.2000). The Federal Circuit requires that a party challenging the attorney-client privilege under the crime-fraud exception make a *"prima facie* showing that the communication was made 'in furtherance of' a crime or fraud." *Id.* at 807 (citation omitted). Because this standard is in essence the same as the "probable cause" standard, the analysis herein is not affected by this choice of law question. *See In re Grand Jury Subpoena*, 731 F.2d at 1039 (stating that these standards are the same).

at *9–*10 (quoting 37 C.F.R. §§ 1.56(a) and (b)).

On these facts, it is not unwarranted to infer that the omission of reference to the prior art was knowing and deliberate. Notably, Pluess–Staufer offers no compelling or even plausible account for its double failure to disclose the '997 Patent to the PTO. Its parenthetical suggestion that the omission of any reference to a relevant prior patent attributed to the same affiliated inventor could have been explained by innocent "oversight" or "determination that the disclosure was not necessary" (Def. Objections at 17), is less than convincing.

The Court also does not find clearly erroneous or contrary to law the Magistrate Judge's inference that "had the 997 patent been disclosed it appears quite likely that the 365 patent would not have been granted, or at least not in the terms [of] the original 365 patent used to describe the product." *Specialty Minerals*, 2004 WL 42280, at *9. On this point, it is noteworthy that, as Magistrate Judge Dolinger considered, the PTO examiner originally found the '365 Patent claims invalid for lack of novelty or distinction relative to another prior art patent that Pluess–Staufer had disclosed. *See id.* at *7, *9 n. 7. The rejection was later withdrawn, and the reexamination certificate for the '365 Patent issued, when Pluess–Staufer filed an amendment to the reexamination application to add a new specification. *See id.* at *7–*8. In this connection, it is fair to infer that the '997 Patent, which encompassed some claims substantially overlapping with the '365 Patent and is attributed to the same inventor, would certainly have had material relevance to the PTO in its reexamination of the '365 Patent and could have had significant bearing on the PTO's determination on Pluess–Staufer's application. Moreover, it is precisely because of the potentially decisive effect of relevant prior art on the outcome of patent examinations that disclosure of such information is required, and that its deliberate concealment constitutes ground for rejection of a patent application. *See* 37 C.F.R. §§ 1.56 and 1.555.

In objecting to the Magistrate Judge's ruling, Pluess–Staufer essentially reiterates the contentions it raised in the prior proceedings: that its failure to disclose the '997 Patent was not material; that the European Patent Office granted Pluess–Staufer's application for a counterpart of the '365 Patent despite that agency's awareness of the '997 Patent; and that the probable cause standard applicable here requires a greater showing of fraudulent intent than reflected by the evidence presented and relied upon by the Magistrate Judge. The Court has considered these arguments and finds them unpersuasive for the same reasons that they failed to convince Magistrate Judge Dolinger. Fatal to Pluess–Staufer's objections is a flaw the Magistrate Judge properly noted and rejected: the conflation of the strict substantive standard applicable to establish a claim of patent fraud and the lesser evidentiary showing necessary to satisfy the probable cause test that governs the crime-fraud exception to the attorney-client privilege. For the reasons and on the authority cited by Magistrate Judge Dolinger, the Court similarly dismisses these objections. *See id.* at *11–*12.

## II.  *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that defendants' objections to Magistrate Judge Michael H. Dolinger's Order dated January 7, 2004 are denied and that Order is affirmed.

**SO ORDERED.**